UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ljubica Rajkovic,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Loretta Lynch *et al.*,<br><br>　　　　Defendants. | Case: 1:15-cv-01672<br>Assigned To : Unassigned<br>Assign. Date : 10/14/2015<br>Description: Pro Se Gen. Civil (F Deck) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff resides in Serbia. She has submitted a complaint against U.S. Attorney General Loretta Lynch and the U.S. Department of Justice. Plaintiff cites the "Civil Liability" provision of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1810, but she has stated no cogent facts to provide any notice of a plausible claim. Even if she had, sovereign immunity would bar such an action against the Department of Justice and Attorney General Lynch in her official capacity. The United States is subject to suit only upon consent "unequivocally expressed in [ ] statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The FISA expressly permits a civil suit for money damages against "any person" who violates certain provisions of the Act, 50 U.S.C. § 1810, but it "[g]laringly" omits the United States from the definition of person. *Al–Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 851 (9th Cir. 2012) (citing 50 U.S.C. § 1801(m)). Hence this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: October 6, 2015